IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL L. BOYD
ADC # 115890                                                                                           PETITIONER

V.                         CASE NO. 5:17-CV-00325-DPM-JTK

WENDY KELLEY, Director
Arkansas Department of Correction                                                     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A 149
>Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that the Petition for Writ of Habeas Corpus (DE #1) be DISMISSED with prejudice.

## Procedural History

Petitioner was convicted by a Pulaski County jury for aggravated robbery and theft of property in 2014, for robbing a Bank of the Ozarks. On December 4, 2014, he was sentenced to 360 months for the aggravated robbery and 120 months for the theft of property, to run consecutively, in the Arkansas Department of Correction. (DE # 8-2) The Petitioner filed a direct appeal of the conviction arguing that the trial court: (1) erred by denying his motion for directed verdict; (2) committed reversible error by denying his

motion to suppress statement; and (3) committed reversible error by denying his motion to suppress photographic identification. (DE # 8-6) The Arkansas Court of Appeals affirmed the convictions on September 14, 2016. *See Boyd v. State,* 2016 Ark. App. 407.

On October 18, 2016, Petitioner filed his *pro se* petition for post-conviction relief in the trial court, pursuant to Arkansas Rule of Criminal Procedure 37.1. (DE # 8-8) The grounds for relief asserted in the petition were: (1) coerced confession; (2) actual and constructive denial of counsel; and (3) denial of fair and impartial trial. *Id.* The trial court denied the Rule 37 petition on February 1, 2017. (DE # 1, pgs. 50-52) Petitioner appealed the denial of his Rule 37 petition, and on November 8, 2017, the Arkansas Court of Appeals affirmed the trial court's denial of the petition. *See Boyd v. State*, 2017 Ark. App. 592. While the appeal was pending, Petitioner filed a "Petition for Leave to Proceed In Forma Pauperis" (DE # 8-13) and a "Motion for Return of Seized Property" (DE # 8-14) in the trial court. The trial court denied Petitioner's second post-conviction petition as successive (DE # 1 pgs. 48-49). On May 29, 2018, the trial court held a hearing on Petitioner's Motion for Return of Seized Property. *See* Pulaski County, Arkansas, Case 60CR-13-3549. The motion was denied on June 12, 2018, and Petitioner appealed the denial. *Id.* On February 20, 2019, the Arkansas Court of Appeals remanded the case to the trial court for supplementation of the record due to lack of transcripts from the hearing on Petitioner's seizure of property motion. *Id.*; Arkansas Court of Appeals, Case No. CV-18-687. This matter is still pending.

On December 4, 2017, Petitioner timely filed a petition for writ of habeas corpus (DE # 1), pursuant to 28 U.S.C. § 2254, asserting the following claims for relief:

3

1. Trial court committed reversible error by denying Petitioner's motion to suppress photo identification by a witness;

2. Trial court erred by failing to appoint post-conviction counsel;

3. Trial court erred by allowing the State to redact the portion of his statement that showed his confession to the robbery was made through threats on the part of Detective Michael Gibbons;

4. Ineffective assistance of trial counsel for failing to present evidence (i.e lack of DNA and fingerprints) that would have proven Petitioner's innocence; and

5. Return of the $2,700 that was taken from Petitioner when he was arrested.

Respondent filed her response on February 16, 2018, and argues that the petition should be dismissed because Petitioner's grounds for relief are not cognizable and are procedurally defaulted. (DE # 8)

## Discussion

A. Non-Cognizable Claims

   *1. Claim Two: Failure to Appoint Counsel*

Petitioner's second claim alleges that the trial court erred by failing to appoint him counsel for his Rule 37 petition. It is well established that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984). Instead, this Court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21 (1975) (*per curiam* ). The Eighth Circuit has held that errors in the interpretation and application of state law do not rise to the level of a constitutional violation cognizable in a federal habeas petition. *Higgins v. Smith*, 991 F.2d

4

440, 442 (8th Cir. 1993). Therefore, because Petitioner's argument concerns only a state law issue (*i.e.* appointment of counsel), it does not present a cognizable issue for federal habeas review.

### 2. Claim Five: Motion for Return of Seized Property

Petitioner's fifth claim is a "motion for return of seized property" for the $2,700.00 that was seized from him after his arrest. This is not a claim for a violation of the Constitution, laws, or treaties of the United States and therefore does not present a cognizable issue for federal habeas review. Furthermore, as detailed above, this claim is still currently pending in his state court case.

B.   Deference to State Court Decisions

### 1. Claim One: Denial of Petitioner's motion to suppress photo identification

Petitioner properly raised this issue on appeal, and the Arkansas Court of Appeals addressed it on the merits; therefore, Petitioner must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or decided differently than the Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was

'objectively unreasonable,' not when it was merely erroneous or incorrect." *Id*. (quoting *Williams*, 529 U.S. at 410-11).

The Arkansas Court of Appeals adjudicated this claim on the merits and stated as follows:

> A trial court's ruling on the admissibility of an identification will not be reversed unless, based on the totality of circumstances, it is found to be clearly erroneous. The trial court first looks at whether the pretrial identification procedure was unnecessarily suggestive. An identification procedure violates due process when suggestive elements make it all but inevitable that one person will be identified as the criminal. Our de novo review of the totality of the circumstances demonstrates that the photographic lineup was not unduly suggestive. All six persons were black males with a little facial hair and very little hair on their heads; they appear to be of similar age. The detective never suggested to the witness who she should pick. She chose the suspect easily, within seconds of viewing appellant's photo, and was certain of her identification then as well as in court. Appellant does not present any compelling argument or authority to support that this lineup was unduly suggestive.
>
> . . . Appellant asserts that the lapse of time between the robbery and the photo spread being presented to her—about four months—renders her identification unreliable and that she did not have sufficient prior opportunity to observe him, noting that she was at a different bank than the one robbed and that none of the other bank employees were able to positively identify appellant. Appellant has not shown reversible error.
>
> The appellate court will not inject itself into the process of determining reliability unless there is a very substantial likelihood of misidentification. Given the lack of an unduly suggestive lineup, the lapse of four months does not render her in court identification unreliable, nor is the argument compelling that she did not have the "best opportunity to make an identification." This witness was certain of her identification of appellant as the man in the Metropolitan bank, both at the time she was presented the photo spread and during trial. Appellant's arguments go to the weight of her identification, which was a matter for the jury to decide, not to the trial court's decision on admissibility. We see no clear error in denying appellant's motion to suppress the photographic identification made by this witness.

*Boyd v. State*, 2016 Ark. App. 407 (Citations omitted.) (DE # 1, pgs. 45-46.)

With regard to the witness identification, the Arkansas Court of Appeals noted that the witness testified she observed the Petitioner without his mask on immediately before he entered the bank; reported the make and model of his car; identified the Petitioner in court, stating that she was "100% sure" he was the man in the still photos that showed a full-length color picture of Petitioner in the bank lobby; testified that her job was in customer service, and therefore, she remembered people; that Petitioner's mask kept coming off while he was in the bank; and identified the Petitioner about four months after the robbery out of a six-person photo spread. *Id.* at 5-6; (DE # 1, pgs. 36-38)  Furthermore, a detective at trial testified that the witness identified the Petitioner "in about three seconds" when she was presented with the photo lineup. *Id.* at 7; (DE #1 at pg. 39)  It cannot be said, therefore, that the state court's determination was contrary to, or involved an unreasonable application of, clearly established federal law.  The state court's decision on this claim is given due deference, and Petitioner's argument does not entitle him to federal habeas relief.

> 2. *Claim Four: Trial counsel was ineffective for failing to present DNA or fingerprint evidence to prove Petitioner's innocence.*

Petitioner raised this issue on appeal of the denial of his Rule 37 petition, and the Arkansas Court of Appeals addressed it on the merits.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances;

7

and second, whether the attorneys conduct prejudiced the defendant's defense. *Id.* at 688. An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id.* The defendant is prejudiced by the inferior performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner alleges that his trial counsel "failed to present evidence that would [have] proved my innocence." (DE # 1, pg. 9) To support his argument, he specifically alleges that Detective Gibbons indicated it was clear from the photos and video, at the time of the robbery, that the robber was not wearing gloves and carrying a bottle when he entered the bank. *Id.* at 10. A bottle was recovered outside of the bank, and no DNA was found on the bottle; therefore, Petitioner argues that the lack of DNA found on the bottle would have served to prove his innocence, and his counsel was ineffective for not presenting this evidence to the jury. *Id.* In determining that Petitioner's claim was without merit, the Arkansas Court of Appeals held as follows:

> Alternatively, even if it had been preserved, Boyd's claim is meritless because his counsel was not deficient in failing to introduce nonexistent DNA evidence. On appeal, he alleged that his trial counsel was ineffective for not introducing a DNA report into evidence. But the record indicates that no such DNA evidence exists. During trial, Boyd's trial counsel questioned Detective Gibbons about DNA evidence allegedly discovered on the water bottle that officers recovered from the front parking lot of the bank—one that appears to be the same size and type of bottle that the suspect had been carrying. Detective Gibbons explained that no DNA evidence was recovered from the bottle. Accordingly, there was no DNA evidence that trial counsel could have introduced, and counsel's performance cannot be found to be deficient for failing to introduce evidence that did not exist. Likewise, Boyd cannot show prejudice from the failure to introduce DNA evidence because trial counsel appropriately questioned Detective Gibbons about the lack of DNA evidence and

> confirmed that the jury understood that there was no DNA evidence connecting Boyd to the bottle. As a result, Boyd has failed to demonstrate that the outcome of the trial would have been different.

*Boyd v. State,* 2017 Ark. App. 592; (DE # 1 pgs. 30-31) This Court finds that the Arkansas Court of Appeals properly applied *Strickland*. Petitioner simply cannot establish that counsel's failure to present non-existent evidence would have changed the outcome. Therefore, it cannot be said the state court's determination was contrary to, or involved an unreasonable application of, clearly established federal law. The state court's decision on this claim, therefore, is given due deference, and Petitioner's argument does not entitle him to federal habeas relief.

    C.    <u>Procedural Default</u>

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has

*properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

While not entirely clear from Petitioner's wording, it appears that his third claim for relief alleges that his trial counsel was ineffective for allowing the state to introduce a redacted version of his videotaped confession, rather than the full video which he alleges would have shown that the Petitioner only confessed due to threats and force from Detective Gibbons. (DE # 1 at pg. 8) Petitioner raised this claim in his Rule 37 petition; however, the circuit court misconstrued the claim as a challenge to the introduction of an allegedly coerced confession, a claim that he raised in his direct appeal. The Petitioner appealed the rejection of the claim, and the Arkansas Court of Appeals held as follows:

> Regarding Boyd's allegation that the circuit court erred in allowing the redacted video of Boyd's confession to be played for the jury, we reiterate that for his claims to be properly before this court, he must have raised the issue below and obtained a ruling on it. Boyd's failure to obtain a ruling in the circuit court bars review of the issue on appeal. The circuit court's order contains no ruling on Boyd's argument regarding a redacted videotape; rather, the circuit court seems to have understood Boyd's claim as a challenge to the introduction of an allegedly coerced confession. Additionally, after the circuit court denied his Rule 37 petitioner, Boyd failed to file a motion requesting a modification of the ruling. Because Boyd failed to obtain a ruling on this ineffective-assistance-of-counsel claim, we hold that it is not preserved for review.

*Boyd*, 2017 Ark. App. at 13-14 (Citations omitted.); (DE # 1, pgs. 29-30) The Arkansas Court of Appeals refused to address the merits of the claim and held that it was not preserved for review; therefore, Petitioner's claim is procedurally default unless an exception applies.

"[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). There is no "'exhaustive catalog of [the] objective impediments,'" nor have "the precise contours of the cause requirement been clearly defined." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Murray*, 477 U.S. at 488). "At a minimum, however, [Petitioner] must show that 'something external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Id*. (quoting *Coleman*, 501 U.S. at 753). Moreover, a petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Petitioner has not established cause

for the default or actual prejudice because of the alleged violations of federal law, or alleged facts showing a fundamental miscarriage of justice.

Petitioner does not raise *Martinez* to excuse the default of his ineffective assistance of counsel claims; however, because Petitioner lacked counsel during his initial-review collateral proceeding, which can be cause for procedural default of those claims under *Martinez*, the Court will address the exception. Under *Martinez v. Ryan,* Petitioner may establish cause to excuse default of his ineffective assistance of counsel claims because he lacked appointed counsel during the initial-review collateral process. 566 U.S. 1 (2012). To utilize this exception to overcome his procedural default, however, Petitioner must first demonstrate that his defaulted ineffective assistance of counsel claims have "some merit." *Martinez,* 566 U.S. at 14. A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 17. A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 16. This exception only applies to ineffective assistance of trial counsel claims, and it is not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014).

In support of his claim, the Petitioner simply states that his videotaped confession was redacted for the purpose of not showing that he confessed only through threats and force used by Detective Gibbons. (DE # 1, pg. 8) Petitioner has not proven that this claim has any merit. Rather, this claim is not supported by anything other than Petitioner's own

12

assertions, and because they are without factual support of any kind, they cannot be considered "substantial" claims, and the procedural default is not excused by *Martinez*.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #1) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 6th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE